UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO AMADOR GONZALEZ,<br><br>Plaintiff,<br><br>v.<br><br>TANCRETO, et al.,<br><br>Defendants. | No. 2:20-cv-2287 AC P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

     Plaintiff, a state prisoner proceeding pro se, has filed what the Northern District had described as a "complaint" prior to directing that the action be transferred to this district. See ECF Nos, 1, 6. The case was referred to the undersigned by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1)(B). On January 21, 2021, after the matter had been transferred to this court, plaintiff was ordered to file an application to proceed in forma pauperis. See ECF No. 11.

     Before the court is plaintiff's "motion to leave Fed R Civ P 15." ECF No. 12. The court construes it as a motion to stay the proceedings pending plaintiff's exhaustion of administrative remedies. For the reasons stated below, the undersigned will vacate its January 21, 2021, order directing plaintiff to file an application to proceed in forma pauperis, and will recommend denial of plaintiff's motion to stay. In addition, it will be recommended that this action be summarily dismissed for failure to exhaust administrative remedies.

////

1

I,      RELEVANT FACTS

On November 2, 2020, in the Northern District of California, plaintiff filed what that district described as a "complaint." See ECF No. 1. No application to proceed in forma pauperis was filed at that time. On November 10, 2020, the Northern District ordered the matter transferred to this district. See generally ECF Nos. 6, 7.

On January 21, 2021, the undersigned issued an order directing plaintiff to file an application to proceed in forma pauperis and to do so within thirty days. See ECF No. 11. On February 12, 2021, plaintiff filed the instant motion to stay these proceedings on the grounds that he has yet to exhaust his administrative remedies. See ECF No. 12 at 1, 2.

II.     DISCUSSION

A.     Plaintiff's Complaint Is Deficient

"A civil action is commenced by filing a complaint with the court." Fed. R. Civ. P. 3. A review of plaintiff's "complaint" indicates that it is not, in fact, a complaint filed pursuant to 42 U.S.C. § 1983. See generally ECF No. 1. Instead, the document is entitled "Section 832.5 Citizen's Complaint Against Personnel – Investigation, Description of Procedure, Retention of Records." See id. at 1. The document proceeds to describe several incidents involving the named defendants, which stem from a fight between plaintiff and an inmate who was in his cell. See id. 1 at 1-4. Plaintiff provides a number of related prison records. See generally id. at 5-15. To date, plaintiff has not filed a formal civil rights complaint with this court. See generally id.

B.     Because Plaintiff Has Acknowledged Failure to Exhaust His Administrative Remedies, the Motion to Stay Should Be Denied

Claims that challenge the conditions of confinement are subject to the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a). "The PLRA mandates that inmates exhaust all available administrative remedies before filing 'any suit challenging prison conditions,' including, but not limited to, suits under [Section] 1983." Albino v. Baca, 747 F.3d 1162, 1171 (9th Cir. 2014) (brackets added) (quoting Woodford v. Ngo, 548 U.S. 81, 85 (2006)). "[F]ailure to exhaust is an affirmative defense under the PLRA." Jones v. Bock, 549 U.S. 199, 216 (2007) (brackets added).

Case 2:20-cv-02287-KJM-AC   Document 13   Filed 02/22/21   Page 3 of 4

Although failure to exhaust is an affirmative defense which typically, defendants must raise and prove (see Jones, 549 U.S. at 211-17; Nunez v. Duncan, 591 F.3d 1217, 1224 (9th Cir. 2010)), the exhaustion question should be decided as early as possible (see Albino, 747 F.3d at 1170). Thus, when a plaintiff specifically states either in his complaint or in the documents he has submitted that he has not exhausted his administrative remedies, the court need not wait for a defendant's assertion of affirmative defenses before finding that relief is precluded. See Jones, 549 U.S. at 214-15 (finding sua sponte dismissal for failure to exhaust administrative remedies appropriate if, when taking prisoner's factual allegations as true, complaint establishes failure to exhaust); see generally Vaden v. Summerhill, 449 F.3d 1047, 1051 (9th Cir. 2006) (citation omitted) (finding district court required to dismiss suit when determined plaintiff did not exhaust administrative remedies prior to sending complaint to court); Wyatt v. Terhune, 315 F.3d 1108, 1120 (2003) ("A prisoner's concession to nonexhaustion is a valid ground for dismissal so long as no exception to exhaustion applies."), overruled on other grounds by Albino v. Baca, 747 F.3d 1162 (9th Cir. 2014).

Here, plaintiff's motion clearly states that he has yet to exhaust his administrative remedies. See ECF No. 12 at 1, 2. Accordingly, even if a proper complaint were pending, this matter could not be stayed because the PLRA's exhaustion requirement establishes a mandatory prerequisite to suit. See Ross v. Blake, 136 S. Ct. 1850, 1857 (2016). The court has no discretion to decide otherwise. See id. (stating statutes created by Congress like the PLRA which establish mandatory exhaustion regimes foreclose any judicial discretion) (citing McNeil v. United States, 508 U.S. 106, 111, 113 (1993)). Because plaintiff admits non-exhaustion, his claims cannot be reviewed by the court and his motion to stay these proceedings should be denied.

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of Court shall randomly assign a District Court Judge to this action;
2. The order directing plaintiff to file an application to proceed in forma pauperis, issued January 21, 2021 (ECF No. 11), is hereby VACATED.

////

////

3

IT IS FURTHER RECOMMENDED that:

1. Plaintiff's motion to stay these proceedings, filed February 12, 2021 (ECF No. 12), is DENIED.
2. This case be summarily DISMISSED for failure to exhaust. See Jones v. Bock, 549 U.S. 199, 214-15 (2007).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 22, 2021

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE